## JOHN R. WILSON *v*. THE STATE. ·

1. PRACTICE IN THE COURT OF APPEALS. — Bills of exception are necessary prerequisites to a review of questions presented by assignments of error involving matters of fact.

2. SAME. — When errors assigned do not appear in the record, the questions presented by the assignment of errors become merely hypothetical, and upon such the court can express no opinion.

3. EVIDENCE. — See the opinion for evidence held sufficient to sustain a verdict of murder in the second degree.

APPEAL from the District Court of Rains. ˙Tried below before the Hon. S. J. HUNTER, Special Judge.

The opinion discloses the case.

˙ No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

· ECTOR, P. J. The defendant was indicted in the District Court of Rains County, for the murder of Harvey Buchanan,

on the seventh day of August, 1878. He was tried at the
spring term, 1879, of said court, convicted of murder in
the second degree, and his punishment assessed at confine-
ment in the penitentiary for ten years.

On appeal, the defendant assigns the following error, to
wit: " The action of the court below in overruling his mo-
tion for new trial." In the motion for new trial, the defend-
ant complains of the District Court, first, for errors in the
charge of the court to the jury; second, in quashing the
*venire* for sixty men; third, in permitting the sheriff to sum-
mon the second *venire* ordered, from the citizens then in
and about the court-room; fourth, in not swearing the
sheriff and his deputies at the commencement of the term
of the court, as required in the jury-law of 1876; and, fifth,
because the court erred in permitting counsel for the State
to challenge Samuel Kennemur for cause, because said juror
had conscientious scruples in regard to the infliction of the
penalty of death for crime.

The charge of the court is a most admirable one. It is a
correct enunciation of the law of the case, and in its con-
nected relations, and its application to the facts of the case,
is not liable to the objections urged against it in defendant's
assignments of error.

The other errors complained of do not appear in the
record. Defendant saved no bill of exceptions to any ruling
of the court during the trial.

The proof shows that the accused and the deceased had
an altercation in the storehouse of Cain & Phillips, in the
town of Emory, in Rains County, on the seventh day of
August, 1878. Buchanan, it appears, owed Wilson about
$40. Wilson drew his knife on Buchanan, and told him to
take his hand from his pocket. Buchanan did so, saying,
" I have no knife, and am not armed." Wilson said, " I
want my money, G—d d—n you, or I will cut your throat
from ear to ear." The parties were separated, Wilson going
out the front door and Buchanan the back door of the store

In a few minutes Wilson returned through the front door, went back to the back-room, asked for Buchanan, went out of the door, and met Buchanan about ten feet from the store of Cain & Phillips, and had some words with him. Wilson then told Buchanan if he did not pay the money by "day after to-morrow," he would kill him on sight. Buchanan said, "You will have to kill me, for I have not the money, can't get it, and don't intend to try." Wilson then assaulted Buchanan, and stabbed him with a knife, cutting him severely in several places. Buchanan died in about forty minutes after he was cut.

The evidence in the case shows an entire absence of any circumstances which would excuse or justify the homicide, or which would reduce the offence to manslaughter. We are at a loss to know what defendant, or his counsel, could hope to accomplish by taking an appeal in this case. The jury, in its finding, certainly tempered the law with mercy. The judgment is affirmed.

*Affirmed.*